DRAPER and Others *v.* VANHORN and Others.

In a suit upon an attachment-bond, the plaintiff, to prove that the attachment
was wrongfully obtained, offered in evidence the record of the suit in which
it had been obtained, and in which judgment had been rendered against the
party obtaining it; but the Court rejected the record because it had not been
filed with the complaint. *Held*, that this was error.

In a suit upon an attachment-bond, a contract incidentally involved as an extrinsic fact proper to be proved in the trial of an issue, may be proved by parol, if shown to be destroyed.

The rejection of a witness merely because he is a co-plaintiff, is error.

Under the code, the Court may render judgment for one of several joint plaintiffs, and against the others; or a larger sum for one, and a less one for the others; and so of defendants. The Court possesses chancery powers in adapting its judgments to the rights of the parties.

One of several co-plaintiffs is a proper witness to prove special damages to separate property of another co-plaintiff—the increase of the judgment that might be rendered on account of such damages, being necessarily in favor of the latter, alone.

*May Term, 1859.*

DRAPER
v.
VANHORN.

APPEAL from the *Grant* Circuit Court.

*Wednesday, June 1.*

PERKINS, J.—Suit upon an attachment-bond, reading thus:

"We, *Joseph G. Vanhorn, James Rhine*, and *William H. Campbell*, acknowledge ourselves to owe and be indebted to *John Draper* and *William Matson* in the sum of 460 dollars, for the payment of which, we bind ourselves, our heirs, &c. Sealed with our seals, &c.

"The condition of this bond is this, that whereas the above bound *Joseph G. Vanhorn* has this day obtained a writ of attachment against the goods and chattels of said *John Draper* and *William Matson;* now if the said *Vanhorn* shall well and truly prosecute his suit to effect, and pay all damages which may be sustained by the defendants, if the proceedings of the plaintiff are wrongful and oppressive, then," &c. [Signed].

The writ of attachment mentioned in the bond, was laid upon one hundred and thirty-two bushels of mustard seed, the separate property of said *John Draper*, one of the attachment-defendants.

It is averred for breach of the bond, that the attachment was wrongful and oppressive, in this, that the defendants did not owe the attachment-plaintiff anything; that the plaintiff failed in the attachment suit, for that reason, and had judgment against him for costs; and it is further averred that *Draper* sustained a large amount of damages special to himself, by reason of being disabled to fulfill a contract he had previously made for the sale and delivery of the mustard seed, the fall of price, &c.

Answer, the general denial.

Trial by the Court, judgment for the defendants.

The plaintiffs asked leave to make certain amendments before and upon the trial, which the Court refused, and erroneously. Ind. Dig. 111, 279, 677.—*Billingsley* v. *Dean*, 11 Ind. R. 331.

The attachment was obtained to secure property, as an incidental proceeding to a pending suit, and not as the commencement of the suit for the recovery of the debt. See *Abbott* v. *Zeigler*, 9 Ind. R. 511.

In this suit upon the attachment-bond, the plaintiff, as tending to prove the breach assigned, that the attachment was wrongfully obtained, offered in evidence the record of the suit in which it had been obtained, and in which judgment had been rendered against the party obtaining it, but the Court refused to permit the record to go in evidence, because it had not been filed with the complaint. This was error. This suit was upon a bond. That was its foundation, and that was filed. But a party is not required to file the evidence by which he expects to prove the allegations in his pleadings.

After the mustard seed above mentioned had been attached, and *Draper*, in consequence, had been prevented from delivering it, in fulfillment of his written agreement with one *Manspollon*, he had compromised the matter with him, and the contract, which was in the custody of a third person, had been destroyed by him, in pursuance of the agreement of compromise.

On the trial of this cause, *Draper*, as tending to prove the damages he had sustained by the attachment, proposed to prove this contract, and the loss he had sustained by its non-fulfillment. He offered parol evidence of the contract, having shown its destruction, under the circumstances above described. The Court refused to permit the proof. This was error.

This suit was not upon that contract. It had been destroyed in the legitimate course of business between the parties to it. It was involved in this suit only incidentally, and was important only as one of the extrinsic facts pro-

per to be proved in the trial of an issue in it. Under such circumstances, the contract not being in existence, its terms might be proved by parol. See *Noble* v. *Epperly*, 6 Ind. R. 468.

On the trial, *Draper* offered his co-plaintiff as a witness touching the detention of the mustard seed, and the consequent damages. The Court refused to hear him testify, because he was a co-plaintiff. This was error.

Under our present code, the Court may render judgment for one of several joint plaintiffs and against the others; or a larger sum for one, and a less one for the others; and so of defendants. The Court possesses chancery powers in adapting its judgments to the rights of the parties. 2 R. S. p. 121, § 386.—*Douglass* v. *Howland*, 11 Ind. R. 554.

In regard to the item of special damage in this case, *Draper* alone had an interest, as the property attached was his separate property. Hence, as to that, his co-plaintiff was a competent witness—the increase in the judgment that might be recovered on account of such damage, necessarily being rendered in favor of *Draper* alone. 2 R. S. p. 97, § 302. See *Douglass* v. *Howland, supra.*

*Per Curiam.*— The judgment is reversed with costs. Cause remanded with instructions to proceed in a new trial in accordance with this opinion.

*J. Brownlee* and *H. S. Kelly*, for the appellants.

*H. D. Thompson* and *I. Van Devanter*, for the appellees.