Starr *v.* Forbes.

---

STARR *v.* FORBES.

Alleged errors not assigned upon the record in this Court will not be considered.

APPEAL from the *Porter* Common Pleas.

WORDEN, J.—This was an action by *Forbes* against *Starr*, upon a written agreement entered into between the parties, by which *Forbes* was to do certain work on the *Pittsburgh, Fort Wayne & Chicago Railroad*, "according to the specifications of the contract of said *Starr* with said road," for a compensation to be paid by *Starr*.

It is alleged that the contract mentioned as a contract between *Starr* and the railroad company, was by a mistake so called, and should have been called a contract between *Brood* and others. There was also a common count for work and labor, &c.

Demurrer to the first paragraph of the complaint overruled. Issue; trial, verdict and judgment for the plaintiff, a new trial being denied.

Counsel for the appellant make two points, upon which they rely for a reversal.

1. That the demurrer to the first paragraph of the complaint should have been sustained; and 2. That the evidence is insufficient to sustain the verdict.

There is no error assigned upon the ruling of the Court upon the demurrer; hence the first point is not before us.

The particular in which the evidence is supposed to be defective, is the alleged mistake in the contract sued upon, in referring, for specifications, to a contract between *Starr* and the railroad company, instead of a contract between *Brood* and others.

We do not discover any direct proof in the record upon that point, but we are by no means prepared to say that the facts might not have been legitimately inferred from the evidence adduced. However this may be, we are of opinion that the verdict may be sustained upon the common count. *Walcott* v. *Yeager*, 11 Ind. 84.

*Per Curiam.*—The judgment below is affirmed, with costs, and 1 per cent. damages.

*J. E. McDonald, A. L. Roache, S. J. Anthony* and *T. J. Merrifield*, for the appellant.

*M. K. Farrand*, for the appellee.