RISHER and Others *v.* GILPIN and Others.

ATTACHMENT.—CLAIMANT OF PROPERTY.—PRACTICE.—Where property taken in attachment is claimed by a person other than the defendant, he must prosecute his claim by a separate action, and cannot be admitted as a defendant in the attachment proceeding to set up his claim to the property.

APPEAL from the *Vanderburgh* Common Pleas.

ELLIOTT, J.—The appellants sued *Gilpin* in the Common Pleas Court on an account. Process was duly issued and served on *Gilpin.* At the time of the commencement of the action, the plaintiffs filed their affidavit and bond, and procured two writs of attachment to be issued, one to the sheriff of *Vanderburgh* county, which was returned *nulla bona;* the

.other was directed to the sheriff of *Warrick* county, who, by virtue thereof, seized and attached a coal barge as the property of *Gilpin*, and caused an inventory and appraisement thereof to be made, as required by the statute. On the 14th of *May*, 1866, the day on which the coal barge was attached by the sheriff, *William Love* executed and delivered to the sheriff a bond, in the penal sum of three hundred and fifty dollars, payable to the plaintiffs, which recites the issuing of the order of attachment, the seizure of the coal barge thereunder, by the sheriff, as the property of *Gilpin*, and the re-delivery thereof to *Gilpin* on the execution of the bond, which is conditioned that the coal barge should "be forthcoming to answer the judgment of the court in the said action," or in default thereof that the obligor would pay the plaintiffs said sum of three hundred and fifty dollars.

At the *September* term of the court, 1866, *James P. Bennett* filed an affidavit, in which he states that said coal barge, at the date of the issuing of said attachment, and the levy thereof by the sheriff, was, and continued to be, his property, and was not the property of said *Gilpin;* that prior to its seizure by the sheriff, he (*Bennett*) had pledged it to said *Love* as security for a cargo of coal, and that said *Love* was entitled to the possession thereof at the time of the seizure by the sheriff; that said barge was loaded with coal at the time it was seized, and in order to save the coal *Love* executed to the sheriff a delivery bond for the barge, by the conditions of which, *Love* was to retain possession of the barge until he delivered the cargo of coal; that after the coal was delivered, *Love* returned the barge and tendered it to the sheriff, and demanded a surrender of said bond, but the sheriff refused either to receive the barge or surrender the bond, in consequence of which *Love* had been compelled to retain possession of the barge, without use to himself or any one else. Upon this affidavit, *Bennett* moved the court to be admitted as a defendant to said attachment proceedings, and that said *Love* be also made a defendant to answer

as to his interest in said barge. The plaintiffs objected, but the court overruled the objection and admitted said *Bennett* and *Love* as defendants, and the plaintiffs excepted.

*Gilpin* made default, and judgment was rendered against him for $338 and costs. *Bennett* and *Love* filed separate answers, setting up the same matters, in substance, stated in *Bennett's* affidavit. *Bennett's* answer prays a return of the barge and judgment for $500 in damages. Separate demurrers to these answers were overruled, to which the plaintiffs excepted, and then replied by a general denial. Jury trial; verdict for the defendants, that the coal barge was not the property of *Gilpin*, and was of the value of $300, and that said defendants are entitled to the sum of $250 for the taking and detention thereof; motion for a new trial overruled, and judgment on the finding.

The first error assigned, is upon the ruling of the court in admitting *Bennett* and *Love* to appear as defendants in the attachment proceedings. Such proceedings were unknown to the common law. They are authorized alone by statute, and hence we can only look to that source in determining what proceedings may be had, or who may be made parties thereto. Looking to the provision of our statute on the subject, we find nothing to authorize the claimant of property attached, in a suit against another party, to become a defendant in the attachment; but, on the contrary, it is provided by section 169 of the code, (2 G. & H. 143,) that "whenever any person, other than the defendant, shall claim any property attached, the right of property may be tried as in cases of property taken in execution, and the claimant, having notice of the attachment, shall be bound to prosecute his claim as in such cases, or be barred of his right." This provision evidently contemplates an original suit, or proceeding, instituted by the claimant to try the right of property. But the appellees' counsel insist that the remedy provided by the statute for a claimant of property attached, by virtue of process against another person, is applicable only in cases where the process is issued by a

justice of the peace, and refers to the act on that subject in 2 G. & H. 632. But section 128 of the code, (2 G. & H. 127,) under the title of "claim and delivery of personal property," provides that "when any personal goods are wrongfully taken or unlawfully detained from the owner or person claiming the possession thereof, or when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof." But it is argued that this statute neither confers a new right, nor provides a new remedy. Be it so, and still the argument proves nothing. The remedy provided, whether new or old, is an ample one for the trial of the right of property in such cases, and is certainly not inconsistent with that contemplated by section 169 of the code.

It is also claimed that *Bennett* and *Love* were properly admitted as defendants under section 18 of the code, (2 G. & H. 46,) which provides that "any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved." This section is found, in connection with others, in that part of the code declaring who are proper or necessary parties to an action, both plaintiffs and defendants, and, in effect, adopts the rule of the chancery practice. By the words "interest in the controversy," as used in that section, is meant an interest in the subject matter of the suit, or cause of action stated in the complaint. An attachment, under the code, is not an original suit, but is only a proceeding auxiliary to a pending suit. The language of the statute is as follows: "The plaintiff, at the commencement of an action, or at any time afterwards, may have an attachment against the property of the defendant, in the cases and in the manner hereinafter stated." 2 G. & H. 137. *Fechheimer* v. *Hays*, 11 Ind. 478; *Draper* v. *Vanhorn*, 12 Ind. 352. Here the subject of the action was the account on which the suit was brought against *Gilpin*. The proceedings in attachment

were merely incidental to the action, intended to secure the payment of the judgment that might be recovered on the accounts. *Bennett* and *Love* did not claim any interest in the controversy between the plaintiffs and the defendant to the action, but only in the property attached. They did not, therefore, come within the meaning of section 18 of the code in asking to be admitted as defendants.

We think the court erred in admitting *Bennett* and *Love* to appear as defendants in the proceedings in attachment, and to plead thereto, and for that error, the judgment must be reversed.

From this ruling it follows that the answers of *Bennett* and *Love*, and all subsequent proceedings based thereon, including the judgment in their favor against the appellants, were erroneous, and are therefore set aside.

The judgment, as to the appellees, *Bennett* and *Love*, is reversed, with costs, and the cause remanded, with directions to the court below to strike their names from the record as defendants, and for further proceedings in accordance with this opinion.

*J. S. Buchanan*, for appellants.

*J. G. Jones*, for appellees.

