Rice v. Turner et al.

No. 7494.

RICE v. TURNER ET AL.

72 559
134 429
136 344
136 411

JUDGMENT.—*Review of.*—*Bill of Exceptions.*—Where, in attachment proceedings, a third person, upon his verified petition or affidavit that he is the owner of the attached property, is made a party defendant, the order of the court in admitting such party, if erroneous, is not "an error of law appearing in the proceedings and judgment," unless the verified petition or affidavit, and the ruling of the court thereon, are made a part of the record by bill of exceptions, or order of court, and the judgment is not subject to bill for review.

SAME.—A bill of review for error of law appearing in the proceedings and judgment can not be sustained unless the errors are such that the Supreme Court could reverse the judgment on appeal.

From the Grant Circuit Court.

*J. D. Osborn* and *E. G. Herr*, for appellant.

*G. T. B. Carr*, for appellees.

HOWK, J.—This was a suit by the appellant against the appellees to obtain the review of a certain judgment, previously rendered by the Grant Circuit Court, for certain alleged errors of law appearing in the proceedings and judgment. A complete record of the proceedings and judgment sought to be reviewed was filed with, and made a part of, the complaint for review. To the appellant's complaint for review the appellees demurred for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was sustained by the court, and to this decision the appellant excepted. Failing to amend or plead further, judgment was rendered against the appellant for the appellees' costs.

The only error assigned by the appellant in this court is the decision of the circuit court in sustaining the appellees' demurrer to his complaint.

From the record of the proceedings and judgment in the original case, filed with the complaint for review, it appears that on the 22d day of September, 1876, Jason Wilson and Adam Wolf commenced a suit against certain persons doing business under the firm name of Crossette, Graves & Co., and Daniel Mitchell, in the court below, to recover the

amount claimed to be due on certain promissory notes ; that on the same day the said Wilson and Wolf, on a proper affidavit and undertaking then filed in their said suit, procured the issue of an order of attachment against the property of the defendants therein ; that afterward, on the 1st day of February, 1877, the appellant, Charles Rice, filed his complaint, affidavit and undertaking, under and in the said suit of said Wilson and Wolf against the said Crossette, Graves & Co., and asserted his claim to a *pro rata* share of the proceeds of the attached property ; that, at the September term, 1877, of the court below, the appellees, John N. Turner, David B. Sweetser and Henry Thomas, on their verified petition to the effect that they were the owners of the attached property, and praying that they might be made parties defendants to the appellant's suit, to defend and protect their title to said property, were made such defendants to said suit by the order of said court, to which ruling and order of the court in making said Turner, Sweetser and Thomas defendants to his suit, the appellant, Charles Rice, objected and excepted ; and that afterward, at the same term of said court, on the written motion of said Turner, Sweetser and Thomas, the said order of attachment and the levy thereof were quashed by the court, and the attached property was released therefrom, and ordered to be returned and fully discharged from said attachment proceedings ; to which ruling and order of the court the appellant, Charles Rice, at the time objected and excepted.

After stating the proceedings and judgment in the original case, substantially as we have stated them, the appellant's counsel, in their brief of this case, say :

"Was the complaint for review sufficient? It alleged, and the record shows, error of law. It was error for the court to allow the said Turner, Sweetser and Thomas to be made parties defendants ; *Risher* v. *Gilpin*, 29 Ind. 53 ; 'and all subsequent proceedings based thereon, including

the judgment in their favor against the appellants, were erroneous.' "

This is the entire argument of the appellant's learned counsel in this case in this court. If the supposed error of law, of which the appellant and his counsel complain, had been properly saved in the record, so that it could be correctly said to be an "error of law appearing in the proceedings and judgment," then it would seem to us that the case cited of *Risher* v. *Gilpin, supra*, was directly in point, and, if approved, it would fully sustain the position and argument of the appellant's counsel. In that case it was decided that, where property taken in attachment is claimed by a person other than the defendant, such other person must prosecute his claim in a separate action, and can not be admitted as a defendant in the attachment proceeding, to set up his claim to the property.

In the case at bar, however, the point is made by the appellees' counsel, and we think it is well made, that the alleged error of the court, in admitting Turner, Sweetser and Thomas as defendants in the original action, was not properly saved in the record, and that, therefore, it is not an "error of law appearing in the proceedings and judgment" sought to be reviewed. The motion or application of Turner, Sweetser and Thomas, to be made parties defendants in the original action, was founded upon and supported by their verified petition or affidavit, and, under numerous decisions of this court, it would seem to be clear that this verified petition or affidavit, and the ruling of the court thereon, could only have been made component parts of the record of the original cause, either by a bill of exceptions or by an order of the court. This point has been so often decided by this court that it hardly seems necessary to cite authorities in its support. *Martin* v. *Harrison*, 50 Ind. 270; *Fryberger* v. *Perkins*, 66 Ind. 19; *Williams* v. *Potter, ante,* p. 354. The supposed error, of which the appellant com-

plains, is not an "error of law appearing in the proceedings and judgment," and, therefore, it was not such an error of law as would authorize and justify the review and reversal of the judgment in the original action, either on an appeal to this court or on a complaint for review.   In *Richardson* v. *Howk*, 45 Ind. 451, OSBORN, J., speaking for the court, said:   "A bill of review can not be used as a means of creating an exception in the first instance.   The error must be an available one, otherwise there is nothing to review.   We think it may be stated that a bill of review for error appearing in the proceedings and judgment can not be sustained unless the errors are such that this court would reverse the judgment on appeal."   Buskirk's Prac., p. 271.

We are of the opinion, therefore, that the court committed no error in sustaining the appellees' demurrer to appellant's complaint for review.

The judgment is affirmed, at the appellant's costs.