No. 9396.

## SHOAF ET AL. *v.* JORAY ET AL.

REVIEW OF JUDGMENT.—*Complaint.—Causes.—Default.*—A complaint to review a judgment by default for error of law will lie only for such errors as might be available in the Supreme Court on appeal, viz.: 1. That the court rendering the judgment had no jurisdiction of the subject-matter. 2. That the facts averred in the complaint did not make a cause of action. Error in the form of a judgment by default, or a defect in the title of the complaint on which such judgment was rendered, are not sufficient grounds for review.

SAME.—*Complaint for Foreclosure of Mortgage.*—A complaint good for the foreclosure of a mortgage, but not sufficient to warrant a personal judgment, is sufficient to resist a review of a judgment of foreclosure and *in personam* by default, which is sought on the ground that the facts in the complaint did not show a cause of action.

Shoaf *et al. v.* Joray *et al.*

SAME.—A complaint to review a judgment of foreclosure and *in personam* by default, only alleging as cause for review that the complaint in the original action did not state facts sufficient to constitute a cause of action for a personal judgment, is bad on demurrer.

From the DeKalb Circuit Court.

*R. S. Robertson* and *J. B. Harper*, for appellants.

*A. A. Chapin*, for appellees.

BLACK, C.—This was a suit by the appellants, William W. Shoaf and Eliza Shoaf, his wife, against the appellees, James Joray and Thomas M. Stephens.

The complaint alleged, that "on the 21st of June, 1877, said James Joray recovered a pretended judgment and decree of foreclosure against these plaintiffs and said Thomas M. Stephens, in the DeKalb County Circuit Court, upon a complaint theretofore filed in said court, in which said Joray was plaintiff and said Stephens and these plaintiffs were defendants; that said judgment and decree were rendered by default, and said defendants not appearing thereto; a full copy of which judgment and all the papers and proceedings in said cause being filed herewith and made and referred to as part of this complaint; that there are errors of law appearing upon and in the proceedings and judgment aforesaid, as follows, to wit:

"1. The complaint in said action does not specify the name of the county in which the action is brought.

"2. That said complaint does not show any consideration whatever for the promise upon which said plaintiffs were sued, and does not state facts sufficient to constitute a cause of action against these plaintiffs, upon which a personal judgment could be rendered."

The third and fourth specifications are expressly waived by counsel for appellants in their brief.

"5. That the judgment rendered in said action is erroneous in this, that there is no personal judgment against the defendants therein for any fixed and determined amount, but for an uncertain and undetermined balance, leaving the same to be judicially determined by the ministerial officers of the court.

"All of which errors plaintiffs say are apparent upon the face of the record, and the proceedings in said cause. That this plaintiff, William .W. Shoaf, has a just and meritorious defence to said action, which is a bar to a recovery therein, except as to the foreclosure of said mortgage ; that, when served with summons in said cause, he believed that he was only made a party thereto for the purpose of barring and foreclosing his interest in the mortgaged premises, which he had theretofore. purchased ; but that he had not assumed or promised to pay said mortgage debt, and had no reason to suppose that any claim would be made to that effect, and, so believing, he did not authorize any attorney or other person to appear for him in said suit, he being willing to permit said plaintiff therein to take his judgment of foreclosure without further costs, and that no attorney did appear for him or said Eliza Shoaf by their procurement or consent, or that of either of them ; that he did not know that said Joray claimed to have, or did have, a personal judgment against him, until an execution was issued to the sheriff of Allen county, some time about the month of March, 1880, which was threatened to be levied upon property of this plaintiff ; and that an execution is now in the hands of the sheriff of said county, which he threatens to levy on the property of this plaintiff. Wherefore they pray that said judgment be reviewed and reversed as far as the same seeks to declare and adjudge a personal judgment against said William W. Shoaf, and that the same be annulled and set aside, and for other proper relief."

A complaint to review a judgment for "error of law appearing in the proceedings and judgment" will lie where the judgment was taken as in this case, only for such errors as may be assigned on appeal to this court from a judgment rendered upon default ; that is to say, when the court which rendered the judgment had no jurisdiction of the subject-matter, or when the complaint did not state facts sufficient to constitute a cause of action. *Searle* v. *Whipperman,* '79 Ind. 424.

The transcript of the original action filed with the com-

Shoaf *et al. v.* Joray *et al.*

plaint for review showed that the original action was commenced, and the proceedings therein were all had, in the court in which the complaint for review was filed, the DeKalb Circuit Court, of this State; and the complaint in the original action alleged that the real estate, the mortgage upon which it was by said complaint sought to foreclose, and which was foreclosed in said original action, was situated in DeKalb county, Indiana.

The first specification of error in the complaint for review had reference, we learn from the briefs, to a supposed insufficiency of the title of the cause contained in the complaint in the original action. The title specified the name of the court, of which the name of the county in which the action was brought constituted a part, thus: "In DeKalb Circuit Court." If it would have been proper, for full compliance with the statute, to again state the name of the county in the title, as claimed on behalf of the appellants, which we need not decide, such an objection to the complaint could not be first raised in this proceeding to review the judgment, for the objection did not reach either of the questions which might be raised in the complaint for review.

The fifth specification, purporting to point out an error in the form of the judgment, could not be considered in such proceeding, for the same reason.

The third specification alleged the insufficiency of the facts stated in the complaint in the original action, not generally, but only in certain respects, the alleged insufficiency relating only to the rendition of a personal judgment.

The original action was brought by said Joray as assignee upon a promissory note made by said Stephens and to foreclose a mortgage on real estate executed by him to secure said note, the complaint alleging that the mortgaged premises had been conveyed to the appellant William W. Shoaf, and that he had assumed the mortgage debt as a part of the consideration.

It was alleged in the complaint for review, as we have seen,

that the plaintiff in the original action recovered a judgment and decree of foreclosure; and it appeared from the record filed as an exhibit, that not only was there a personal judgment against said Stephens and said William W. Shoaf, but there was also a foreclosure of said mortgage against all the defendants in said original action. It was admitted in the complaint for review, that said William W. Shoaf had purchased the mortgaged premises, and it was alleged that he had a meritorious defence, except as to the foreclosure of the mortgage. There was no judgment for the recovery of money or for costs against the appellant Eliza. It was, in effect, admitted in the complaint for review that the foreclosure of the mortgage was right as to both the appellants.

If, the court having jurisdiction of the subject of the action, the complaint stated facts sufficient to constitute a cause of action to foreclose the mortgage, the appellants could have no remedy by a proceeding to review the judgment; and in their complaint for review they made no specification of error which authorized the court below, or which authorizes this court, to examine as to the sufficiency of the facts stated in the complaint in the original suit to constitute a cause of action for foreclosure.

Under the circumstances, we need not decide the question argued by counsel, as to whether the complaint was bad for failure to show that appellant Eliza had such an interest as to authorize her joinder as a plaintiff.

We think the demurrer was properly sustained, and that the judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it hereby is affirmed, at the costs of appellants.

Opinion filed at the May Term, 1882.
Petition for a rehearing overruled at the November Term, 1882.