No. 10,050.

THE TRADERS INSURANCE COMPANY *v.* CARPENTER.

PRACTICE.—*Appeal.*—*Review of Judgment.*—The prosecution to final judgment of a complaint for review bars an appeal from the original judgment.

From the Vigo Circuit Court.

*C. P. Jacobs* and *C. S. Spritz,* for appellant.

*S. M. McGregor, I. N. Compton, G. A. Knight* and *C. H. Knight,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellant, upon a policy of insurance, and obtained a judgment therein by default.

The appellant filed a complaint for review for error of law only, to wit, that the complaint did not state facts sufficient to constitute a cause of action.

A demurrer to the complaint for review was sustained, and final judgment was rendered thereon in favor of the appellee.

Afterwards, the appellant took this appeal from the judgment by default, assigning the following errors:

1. In overruling the motion to set aside the judgment by default.

2. That the complaint does not state facts sufficient to constitute a cause of action.

3. That the court erred in rendering judgment against appellant.

The appellee answered the assignment of errors:

1. By the common joinder, *in nullo est erratum.*

2. By a special plea setting up the proceedings and judgment upon the complaint for review, and claiming that this appeal is thereby barred.

The appellant replied to this special plea, that, in said proceedings to review, the only error alleged and reviewed was the insufficiency of the complaint to constitute a cause of action; and that in said proceedings the appellant neither did

The Traders Insurance Company v. Carpenter.

nor could present to the court, for its consideration, the error first assigned in this court, to wit, overruling the motion to set aside the judgment by default; and that in said proceedings appellant did not present and could not have presented the affidavits necessary for such motion.

The question is, was the appeal barred?

In *Indiana Mutual Fire Ins. Co.* v. *Routledge*, 7 Ind. 25, it was held that a party who has prosecuted to final judgment, in the circuit court, a complaint for review, for error of law only, can not afterwards appeal from the original judgment to the Supreme Court, because the mode of procedure and judgment, upon such a complaint for review and upon an appeal, are in effect the same, and the law does not intend that a party shall have two revisions of the same case before two different courts, each sitting as a court of error.

So, in *Hardy* v. *Chipman*, 54 Ind. 591, it was held that such a bill of review is in the nature of an appeal from the judgment.

So, in *Richardson* v. *Howk*, 45 Ind. 451, *Rice* v. *Turner*, 72 Ind. 559, and *Tachau* v. *Fiedeldey*, 81 Ind. 54, it was held that a bill of review for error of law can not be sustained unless the error be such as would reverse the judgment on an appeal.

A party may appeal from the circuit court to the Supreme Court, or he may file in the circuit court a complaint for review, but the adoption of one of these remedies waives the other. *Dunkle* v. *Elston*, 71 Ind. 585; *Davis* v. *Binford*, 70 Ind. 44; *Hill* v. *Roach*, 72 Ind. 57; *Searle* v. *Whipperman*, 79 Ind. 424.

Of the assignments of error in this case, the third is too general, and presents no question. *King* v. *Wilkins*, 10 Ind. 216.

The second was presented and determined in the proceedings for review.

The first was not presented in the proceedings for review; the appellant claims, that, therefore, he may appeal and present it now; but it was proper to be presented, and might

have been presented, in the complaint for review. *Ely* v. *Hawkins*, 15 Ind. 230.

The cases hereinbefore cited show, that appeals and proceedings for review for error of law are governed by like rules.

If on appeal no error is assigned upon a refusal to set aside a judgment by default, the error is regarded as waived, notwithstanding a proper exception was taken below. *Hollingsworth* v. *State, ex rel.*, 8 Ind. 257; *Starr* v. *Forbes*, 18 Ind. 433.

It follows that, in a complaint for review for error of law, all errors of law not presented must likewise be regarded as waived, and can not afterwards be made available.

The appeal in this case was barred by the previous prosecution to judgment of the complaint for review. It ought to be dismissed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the appeal herein be and it is hereby dismissed, at the costs of the appellant.