No. 13,512.

## BAKER v. LUDLAM.

JUDGMENT.—*Review of.*—*For What Causes Will Lie.*—A complaint to review a judgment for error apparent in the record will only lie for causes which would have been available on appeal.

SAME.—*Default While Answer is Pending.*—*Motion to Set Aside.*—If judgment is rendered against a defendant by default, notwithstanding he has an answer on file, he can not, in the absence of a motion to set the default aside, maintain an action for review.

SAME.—*Pleading.*—*Theory.*—*Complaint for Review.*—A pleading must be good on the theory upon which it proceeds; and hence a complaint which is drawn to review a judgment will not be upheld as an application under section 396, R. S. 1881, to be relieved from the judgment, on the ground of mistake, inadvertence, etc.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*J. Claybaugh,* for appellee.

MITCHELL, J.—This was an action by Lillian G. Ludlam against Sanford Baker and Mary C. Baker to recover the possession of certain real estate in Clinton county.

After answering separately by a general denial, the defendant Mary C. Baker filed a cross-complaint in two paragraphs, in which, substantially, the following facts are exhibited: In

July, 1882, the cross-complainant, being the owner of the land described in the complaint, executed a mortgage, in which her husband, Sanford Baker, joined, to secure a debt amounting to over $1,300 due from the latter to William E. Ross. The note and mortgage having been assigned to the plaintiff, she instituted a suit of foreclosure thereon in the Clinton Circuit Court, on the 23d day of January, 1884. After being duly served with summons, the cross-complainant appeared and answered the complaint, alleging in her answer that the real estate described in the mortgage was her separate property, and that she was a married woman at the time the mortgage was executed, and that the debt thereby secured was the debt of her husband. It is averred in the cross-complaint that the cross-complainant had employed four attorneys, whose names are set out, to present and conduct her defence to the foreclosure suit; that after they had filed her answer, and a reply had been filed thereto, three of the attorneys employed by her withdrew from the case by leave of the court and at the direction of her husband. It is averred that the discharge of her attorneys by her husband was without her authority, that one of the attorneys employed by her continued in the case with authority to act, and that her answer had not been withdrawn. It is charged that, after the withdrawal of the attorneys as above, and notwithstanding her answer and the continued appearance of one of her attorneys, the court, in her absence, caused the cross-complainant and her co-defendant to be called and defaulted, and thereupon rendered judgment against them by default, and entered a decree of foreclosure and an order for the sale of her land. The land was sold in pursuance of the decree, the plaintiff becoming the purchaser, and it is averred that the title obtained through the decree and sale is the only claim of ownership which the plaintiff in this action asserts. The cross-complaint embraces copies of the pleadings, proceedings and judgment in the original action, and it is charged that the judgment is erroneous and void because of the mat-

ters hereinbefore recited.   The prayer is that the judgment
of foreclosure be reviewed, reversed and set aside, and that
the cross-complainant be permitted to prosecute her defence
to the original action without further embarrassment.

Separate demurrers were sustained to each paragraph of
the cross-complaint, and, upon trial of the issue made upon
the complaint, the plaintiff below had judgment for the re-
covery of the land.

On appellant's behalf it is now contended that because it
appears that judgment was taken against her by default, not-
withstanding the appearance of one of her attorneys, and
because it is averred that her answer in the original action
was not withdrawn, there is such error apparent upon the
face of the record of the proceedings as entitles her to main-
tain her bill to review the judgment.

It may be conceded, as a general rule, that it is error to
render judgment against a defendant by default while his an-
swer to the complaint remains standing undisposed of.   The
proper course is, when the case is at issue, to call the defend-
ant, and, if he fails to respond, submit the cause in its order
to the court for trial.  *Firestone* v. *Firestone,* 78 Ind. 534, and
cases cited.   After a defendant has been served with process,
and appears and pleads to the action, the effect of a with-
drawal of their appearance by his attorneys is to withdraw
the defendant's answer, and a judgment may then be taken
by default.  *Dunkle* v. *Elston,* 71 Ind. 585 ;  *McArthur* v.
*Leffler,* 110 Ind. 526.

The present case is peculiar, in that it is recited in the rec-
ord of the original action that three of the four attorneys
whose names appear to have been signed to the answer with-
drew their appearance by leave of court.   The court there-
upon entered judgment as by default, upon the assumption
that the appearance and answer of the defendant had been
withdrawn.

If, as is contended by the appellant, the appearance of the
other attorney was not withdrawn, then she is in the attitude

of being present in court by attorney when the default was taken. It does not appear that any objection was made or exception taken, nor was there then, nor has there been at any time since, an application or motion to set the judgment then taken aside. There is, therefore, no question presented involving the propriety of the proceedings of the court in causing judgment to be rendered by default, even though it be conceded that the appearance and answer of the appellant were not withdrawn in the original suit. It is thoroughly settled that a bill to review a judgment for error apparent in the record is in the nature of an appeal, and that a bill of review can only be predicated upon such error or errors as would be available upon an appeal to this court. *American Ins. Co.* v. *Gibson,* 104 Ind. 336, and cases cited.

In neither case can any question be made which depends upon a motion to set aside a default unless the record shows that such a motion was made and overruled and an exception taken. *Searle* v. *Whipperman,* 79 Ind. 424; *Tachau* v. *Fiedeldey,* 81 Ind. 54; *Traders Ins. Co.* v. *Carpenter,* 85 Ind. 350; *Shoaf* v. *Joray,* 86 Ind. 70.

The cross-complaint, therefore, presented no ground for reviewing the original judgment against the appellant. It is suggested, however, that if the cross-complaint is not sufficient as a bill of review, it is good as an application, under section 396, R. S. 1881, to be relieved from the judgment on the ground of mistake, inadvertence, surprise or excusable neglect. We can not assent to this view of the case. A pleading must proceed upon some single, definite theory, and it must be good upon the theory on which it proceeds. *First Nat'l Bank* v. *Root,* 107 Ind. 224; *Lane* v. *Schlemmer,* 114 Ind. 296.

The cross-complaint was framed upon the theory that it was a bill to review a judgment. The appellant must stand or fall by his pleading on that theory. We need not point out, therefore, wherein the cross-complaint is deficient as an application to be relieved from a judgment.

We have carefully examined the evidence. It sustains the verdict of the jury.

Some questions are suggested in the brief, growing out of rulings of the court in admitting and excluding evidence. We have examined the questions thus made, and find no error which could in anywise affect the substantial merits of the cause or justify a reversal of the judgment.

The judgment is therefore affirmed, with costs.

Filed March 16, 1889.