Clark *et al. v.* Hillis.

———————◆———————

No. 16,215.

CLARK ET AL. *v.* HILLIS.

REAL ESTATE.—*Conveyance of Life Estate by Fee-Holder.*—*Death of Fee-Holder Before Life Tenant.*—*Remainder Vests in Heirs Subject to Life Estate and Debts of the Fee-Holder.*—Where A., having an estate of fee simple in a tract of land, conveyed to B. a life estate therein, the fee simple interest remained in A., subject to the life estate; and upon the death of A., intestate, before the expiration of the life estate, the fee simple interest therein vested in the heirs of A., sub-

Clark *et al. v.* Hillis.

ject to the life estate and subject to the payment of the debts of A.

JUDGMENT.— *When Not Void.*—If the infirmity from which a judgment is attacked does not appear from the face of the record of a court of competent jurisdiction, the judgment is not void.

DECEDENT'S ESTATE.— *Sale of Real Estate.*—*Order of Sale Without Notice.*— *Sale With Notice.*— *Validity of Sale.*—*Presumption.*—Where an order of court for the sale of certain lands directed the sale to be made without notice, while the law required, in such a case, that notice be given, and the administrator, in compliance with the law, gave notice thereof, the administrator did right in complying with the law in the matter of giving notice, and the fact that the court did the unnecessary act of directing the sale without notice will be disregarded; and the absence from the files of the proof of notice of sale should not affect the validity of sale, as the presumption is that such notice was given, although this presumption might not prevail as against an order of sale without notice.

SAME.—*Administrator's Sale.*—*Bond.*—*Presumption.*—Where an administrator was ordered to give an additional bond to secure the proceeds of an administrator's sale of real estate, and it appears from the record that he did so, though the bond is not in the record, it will not be presumed that such bond was not executed, as the failure to execute such bond would not vitiate the sale where the proceeds of the sale were not misappropriated.

SAME.—*Administrator's Sale.*—*Minor Heirs.*— *Guardian Ad Litem.*—Where, as far as the record shows, the court ordered an administrator's sale of real estate without knowledge of the infancy of the decedent's heirs, the judgment is not void, and the failure to appoint a guardian *ad litem* was merely collateral to that error.

SAME.—*Administrator's Sale.*—*Defective Notice.*—Where notice of administrator's sale was given to ——— Clark, and other heirs expressly named, such proceeding was not binding upon Helen I. Clark, she being an heir and not expressly named in such notice, and she may attack the proceeding collaterally because void as to her, the record expressly showing the infirmity.

COLLATERAL ATTACK.—*Matter Dehors Record.*—*Judgment.*—An attack upon a judgment for want of jurisdiction in the court to render it, predicated upon matter *dehors* the record, is collateral.

JUDGMENT.—*Review of.*— *When Will Lie.*—A review of judgment may only be had where the same relief might be had by appeal from the judgment sought to be reviewed.

From the Clinton Circuit Court.

*J. N. Sims* and *F. A. Sims*, for appellants.

*P. W. Gard,* for appellee.

Clark *et al. v.* Hillis.

HACKNEY, J.—On the 28th day of July, 1853, James Clark was unmarried and then owned an eighty-acre tract of land in Clinton county, of which he made conveyance to his mother Catharine Clark, a widow.  The deed of conveyance contains the following description of the estate in said lands conveyed: "To have and to hold unto the said Catharine, for the consideration aforesaid, during the term of her natural life, and after her death to revert to me and my heirs."  Thereafter said James intermarried with Lorinda Collum, and by her he had the following children:  Amazia, James M., Malinda, Dulcenia A., Helen I., and Eliza J.  Later said James and wife were divorced, and still later, said James died intestate in said county.  After the death of said James, said Amazia departed this life intestate, with no other heirs than his mother and his said brother and sisters.

On the 18th day of February, 1871, the administrator of the estate of said James petitioned the proper court to sell said lands, subject to a life estate in said Catharine Clark, for the payment of the debts of said James, deceased.  Said petition sets out the names of the surviving children of said James, as Amazia, Malinda, Eliza Jane, Dulcenia Alice, Jane Minerva, and James Marion Clark, and —— Clark, including Jane Minerva, and —— Clark, not his children, and omitting Helen I., his daughter.

The record recites that at a subsequent term of court the administrator made proof of the publication and posting of notices of the pendency of said petition.  Appraisers were appointed and sworn, and reported an appraisement of said lands at sixteen hundred dollars.  The administrator was ordered to file an additional bond in double the appraised value of said lands, and the record recites the filing and approval by the court of such bond, with Jeremiah K. Clark as surety.  Thereupon the court or-

dered a private sale of said lands without notice. At a subsequent term of court, the administrator reported under oath that he had given notice of the time, the terms, and lands to be sold, by publication three weeks successively in a named weekly newspaper of said county, and by posting printed notices in five public places in said county, three of which were in the township where said lands were situated, and that, pursuant thereto, he sold said lands to Anderville Hillis for the appraised value. The sale was approved, the deed executed and confirmed, and the purchase-money paid.

Catharine Clark died October 21st, 1887.

The appellants, the five living children of said James Clark and said Lorinda Clark, mother of said children, seek to recover said lands and to quiet the title thereto in themselves.

The appellee claims under Benjamin F. Hillis, and succeeded in the lower court.

No question is properly made in this court as to the sufficiency of the pleadings, but the errors assigned are upon the overruling of the joint motion of all of the appellants for a new trial, and of the separate motion for a new trial by Helen I. Clark.

It is contended, by the appellants, that James Clark, at his death, held no title, legal or equitable, in said lands subject to sale for the payment of his debts; and that the sale, by the administrator, was void, even if said James held an interest subject to sale for the payment of his debts.

The argument upon the first contention is, as we understand it, that the deed by James to his mother suspended the fee during her lifetime, and after vesting a life estate in her, conferred such remainder at her death upon said James and his heirs; that the death of James before the extinction of the life estate took him out of

the line of the "reversion," and left only such of his "heirs" as survived his mother to take the "reversion."

Numerous authorities are cited as supporting this argument, but we believe them to be inapplicable to the necessary construction of the deed in question. The deed conferred no title on James; he held the fullest title known to the law, and from it he carved a life estate, and conferred that upon his mother. He had no "heirs," and upon the expiration of the life estate nothing remained to revert, because nothing more had passed. The remainder never passed from James, but continued in him until his death, when, it is found, he had heirs to inherit that remainder and hold it subject to said life estate and subject to the payment of the debts of said James. There is little room for the contention that such interest of James was a "contingent remainder."

The case of *Stephens* v. *Evans, Admx.,* 30 Ind. 39, cited by counsel, defines a contingent remainder as "an interest in remainder, limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event."

If the deed had been from another to Catharine for life, with the remainder over to James, expressed in the form we find it in the deed of James, we would doubt its construction as conferring upon James a "contingent remainder." There are no expressions of contingency in the deed. It has often been held that a bequest to one "if living" means, if living during the life of the testator.

But here the estate parted with is but a life estate, and the remainder in fee continues in James, and is dependent upon no contingency. The expression "to revert to me and my heirs" is not a granting term, and can not, therefore, create a limitation.

The law favors vested remainders and ignores the rule

that the fee may stand in abeyance or be suspended. *Amos* v. *Amos*, 117 Ind. 37.

In Boone on Real Property, section 18, it is said that the law does not permit estates to be in abeyance, except in cases of necessity; and it has been said that the doctrine of a fee in abeyance is not now the law of real property.   Hob. 338; *Bucksport* v. *Spofford*, 12 Me. 487; *Donovan* v. *Pitcher*, 53 Ala. 411, 25 Am. Rep. 634; Fearne on Cont. Remainders, etc., 351, 361; Williams on Real Prop., 256; *Sands* v. *Lynham*, 27 Gratt. 291, 21 Am. Rep. 348; *Mooers* v. *White*, 6 Johns. Ch. 360 (365).

The validity of the sale by the administrator is attacked upon the following grounds:

1.  The name of Helen I. Clark was not stated in the petition for an order of sale.

2.  The sale was ordered without notice, the land being valued at $1,600.

3.  That no additional bond is on file.

4.  All of the appellants, except Lorinda Clark, were minors when the order was made.

5.  No guardian, *ad litem* was appointed for the minors.

6.  No notice was given of the pendency of the petition.

7.  Appellants were not called and defaulted in said proceeding to sell.

8.  There was no legal appraisement.

We have stated the substance of all of the evidence in the cause which consists of agreed facts and the record of the proceeding to sell by said administrator.

From the record of the proceeding to sell, Helen I. Clark is not named as an heir of said James, but the other children are named, and must be treated as parties.

If the record were silent on the subject of notice to those who were parties to the proceeding, it would be presumed that such notice had been given.   *Doe, on de-*

*mise, etc.,* v. *Harvey,* 3 Ind. 104; *Gerrard* v. *Johnson,* 12 Ind. 636; *Hawkins* v. *Ragan,* 20 Ind. 193; *Abdil* v. *Abdil,* 33 Ind. 460; *Ayers* v. *Harshman,* 66 Ind. 291; *Crane* v. *Kimmer,* 77 Ind. 215; *Horner* v. *Doe, on demise, etc.,* 1 Ind. 130; *Exchange Bank* v. *Ault,* 102 Ind. 322.

Here it appears expressly that notice was given, by publication and posting, of the pendency of the proceeding. The absence from the files of the notice so found will not defeat the presumption that it was the proper notice.

If the infirmity from which a judgment is attacked does not appear from the face of the record of a court of competent jurisdiction, the judgment is not void. *Palmerton* v. *Hoop,* 131 Ind. 23; *Earle* v. *Earle,* 91 Ind. 27.

The absence from the files of the proof of notice of sale should not affect the validity of the sale, for the reasons stated as to the notice of the pendency of the proceeding. But it is insisted that the court ordered the sale without notice, when, from the appraised value of the land, notice was required by law. The statute did not require the order of sale to direct the giving or withholding of notice, and while notice was required, and while the court did the unnecessary act of directing the sale without notice, the administrator did his duty in the giving of notice, as we find from the record. While there might be some doubt of the presumption of notice, as against the order of sale without notice, where we find that notice was given, the order as to notice will be disregarded.

The record ordered the administrator to execute an additional bond, and it appears that he did so, though the bond is not in the record. That he gave no such bond will not be presumed, as we have shown. However, the failure to execute such bond has been held not to invalidate a sale, where it does not appear that the proceeds of the sale were misappropriated. *Foster* v.

*Birch*, 14 Ind. 445; *Dequindre* v. *Williams*, 31 Ind. 444; *McKeever* v. *Ball*, 71 Ind. 398; *Marquis* v. *Davis*, 113 Ind. 219.

In this action, we may infer that the appellants, excepting Lorinda Clark, were minors at the time the lands were ordered sold. This may be inferred from the knowledge we get by the admitted facts, that in July, 1853, James was not a married man; that he thereafter married Lorinda Collum, by whom he had said children, and that the sale was made in 1871. These facts do not appear of record in the proceeding to sell. The court there acted, so far as its record discloses, without knowledge of their infancy. Without question, that record does not disclose this infirmity. Hence, the judgment for that cause is not void, and the failure of the court to appoint a guardian *ad litem* was, at most, collateral to that error.

The practice then prevailing was not of such a nature as to require parties named in the petition as heirs to be defaulted upon failure to appear.

It was required by statute that the petition should state the names of the heirs, but it did not require, as the present statute seems to, an adversary proceeding, though, under the practice, the parties named were permitted to interpose and show why a sale should not be ordered. In the absence of such interposition, the court ordered, as the statute directed, a sale of the property. No defect in the appraisement is pointed out, and we observe none.

The second and third paragraphs of complaint clearly present collateral attacks upon the probate proceeding.

In *Cully* v. *Shirk, Exec.*, 131 Ind. 76, it was said that any attack upon a judgment for want of jurisdiction in the court to render it, predicated upon a matter *dehors* the record, is collateral. *Harman* v. *Moore*, 112 Ind.

221; *Cain* v. *Goda,* 84 Ind. 209; *Lantz* v. *Maffett,* 102 Ind. 23; *Earle* v. *Earle, supra; Indianapolis, etc., R. W. Co.* v. *Harmless,* 124 Ind. 25.

It is not so clear that a proceeding to review a judgment is.a direct attack in the sense that matters *dehors* the record may be made the ground of attack.

The appellants' learned counsel give true character to the form of this action when they say: "If the order of sale and the proceedings therein were void, the plaintiffs —appellants—are entitled to recover possession and have their title quieted on either the second or third paragraphs of their complaint. If the proceedings are not void, but erroneous, they are entitled to relief under their first amended paragraph, which, among other things, prays for a *review of judgment.*" We feel constrained to hold, for the reasons given, that the sale, as to the heirs of James Clark, other than Helen I. Clark, was not void, and if they can recover, it must be upon the theory of a direct attack upon the proceedings of the probate court.

The second and third paragraphs of complaint, as we have seen, do not admit of such a theory.

Does the first amended paragraph constitute a direct attack upon the proceedings of the probate court?

An action to review a judgment is given by statute, and the causes therefor are (R. S. 1881, section 616), "for any error of law *appearing in the proceedings and judgment,* * * or for material new matter, discovered since the rendition thereof." The review here sought is not for material new matter discovered since the rendition of the judgment. It can only be for error appearing in the proceedings and judgment; for error *apparent on the face of the record. Rice* v. *Turner,* 72 Ind. 559; *Richardson* v. *Howk,* 45 Ind. 451; *Train, Exec.,* v. *Gridley,*

36 Ind. 241; *Preston* v. *Sandford's Admr.*, 21 Ind. 156; *Shoaf* v. *Joray*, 86 Ind. 70.

Review may be had only when the same relief might be had by appeal from the judgment sought to be reviewed. *Baker* v. *Ludlam*, 118 Ind. 87; *American Ins. Co.* v. *Gibson*, 104 Ind. 336; *Shoaf* v. *Joray*, *supra;* *Traders' Ins. Co.* v. *Carpenter*, 85 Ind. 350; *Tachon* v. *Fiedelday*, 81 Ind. 54.

In the last of the cases cited, as in many others, it is made manifest that, though a direct attack, the proceeding to review is not for errors to be established *dehors* the record. The proceeding has for its object the correction of some error upon the face of the proceeding and judgment by invoking the action of the court committing such error. It is a substitute for the remedy by appeal, and is of the same nature. *Traders' Ins. Co.* v. *Carpenter*, *supra*.

The appellants use the remedy to introduce matters not apparent upon the face of the record, so far as all are concerned excepting Helen I. Clark. As to her, the face of the record discloses that the court had no jurisdiction over her person. She was not in court, not a party to the proceeding.

Notice to —— Clark, by publication, is not binding upon Helen I. Clark, and she may attack the proceeding collaterally because void as to her, the record expressly showing the infirmity as to her. *Schissel* v. *Dickson*, 129 Ind. 139; *Hawkins* v. *Hawkins, Admr.*, 28 Ind. 66.

In the last cited case it was held that a sale upon proceedings disclosing that heirs were not served with process is void, and is not aided by the confirmation of the sale by the court.

The appellee insists that the appellant, Helen I. Clark, can not succeed here, because the complaint is joint as to her and the other appellants, and does not, therefore,

state a cause of action in her behalf alone. The sufficiency of the pleadings is not raised by assignment or other method, and is not before us.

It is also insisted that the appellants are estopped to attack the sale, because of their having received the proceeds of the sale. While, under *Palmerton* v. *Hoop*, *supra*, that might be a good estoppel, the facts constituting the estoppel are not shown by the record, and we can not presume their existence.

We conclude that the court erred in overruling the separate motion of Helen I. Clark for a new trial.

The judgment is reversed as to Helen I. Clark and is in all things affirmed as to the other appellants.

Filed May 10, 1893.