Cotterell, Administrator, *v.* Koon *et al.*

### COTTERELL, ADMINISTRATOR, *v*. KOON ET AL.

[No. 18,507. Filed October 4, 1898.]

JUDGMENT.—*Collateral Attack.—Fraud.*—An attack upon a judgment on account of fraud in its procurement is not regarded as a collateral attack, and it is not necessary in such action that the findings of the court show that the judgment sought to be vacated disclosed its invalidity. *p. 185.*

SAME.—*Vacating Judgment.—Fraud.—Special Finding.*— It is not necessary that the special findings upon which a judgment is based setting aside and vacating a judgment on account of fraud in its procurement should find as a fact the existence of such fraud. *pp. 185-187.*

SAME.— *Vacating Judgment.—Fraud.—Inference of Fraud.—Special Finding.*—A special finding in an action to set aside a judgment on account of fraud in its procurement, showing that the judgment plaintiff brought suit against his children, who were mere babes, and in his custody, to quiet title to real estate in which they had an interest, and secured the appointment of a guardian *ad litem* for them who filed a formal answer for the accommodation of plaintiff, and took no further interest in the cause, and secured a hearing of such cause without participation therein by said guardian *ad litem*, or any other person on behalf of such infant defendants, contains facts sufficient to raise the inference of fraud. *pp. 187, 188.*

From the Montgomery Circuit Court. *Affirmed.*

*Paul & Van Cleave* and *William B. Paul*, for appellant.

*H. H. Ristine* and *Kennedy & Kennedy*, for appellees.

HACKNEY, J.—The questions for decision in this case arise upon the finding and decree of the circuit court setting aside and annulling a judgment in favor of George W. Koon, now deceased, and against the appellees, quieting the title to certain real estate. The court found the facts specially and stated conclusions of law thereon in substance as follows: John Koon died, testate, in Montgomery county, in October, 1882, leaving a widow and several children, among them his son, the said George W. Koon, then a youth sixteen years of age. By an item of his last will, he gave to his widow, Mary Koon, the land in question, at her death, "to go to and become the property of * * * George W. Koon to have and to hold during his natural life, and at his death to go to his children should he leave any surviving him; if not, then said lands to go to and be equally distributed amongst" the testator's surviving children and the children of such as may be dead.

George W. Koon married and, prior to March 1, 1894, had three children. On the 24th of January, 1894, his mother conveyed to him her interest in said lands. On said 1st day of March, 1894, he instituted suit in the court below against his said three children and the heirs at law of said John Koon, deceased, to quiet in him the title to said lands. At that time the said three children were Nellie T., aged five years; James R., aged four years, and Alice M., aged one year. They were living with their father, and were under his control, having no legal guardian of their persons or property. That, while they were served with process, there was no appearance by or for them, excepting as hereinafter stated; that all other defendants therein were merely nominal parties, and filed an answer consenting to a decree in favor of the plaintiff therein. The court further finds that one———,

a young lawyer, and a member of the bar of said court, was selected by the plaintiff therein to act as the guardian *ad litem* for said infant defendants, and his appointment as such was made by the court upon the request of the plaintiff; that said ———— accepted said appointment with the understanding and belief that his duties were merely formal; that he had no knowledge of the nature of the action, or how the same was to affect the interests of the persons for whom he acted; that he accepted the appointment only "for the purpose of accommodating the plaintiff in the procurement of the order of court and decree he desired in said cause; that the answer of the guardian *ad litem* was prepared for his signature by the plaintiff's attorney; that said guardian *ad litem* signed said answer, and the same was filed by plaintiff's attorney," and that he gave no further attention to said cause, and took no steps to protect the interests of said infants. On the same day of said appointment, the cause was submitted to the court with a hearing from no one but the plaintiff, and without objection, exceptions, cross-examination of witness, or other participancy by said guardian *ad litem* or any other for said children, and the court thereupon rendered a decree in favor of said plaintiff.   On the 19th day of April, 1895, a fourth child, Walter R., was born to said George W. Koon, and thereafter on the 5th day of March, 1896, said George W. departed this life, leaving his said wife as his widow, and said four children him surviving. Said widow and children are the appellees herein, and the appellant is the administrator of the estate of said George W., deceased, and seeks to subject said lands to the payment of the debts of said estate.   Upon the facts found, the court concluded, as matters of law: (1) That the said will vested the fee in said four children, subject to a life estate; (2) that the judgment in

favor of George W. Koon was void; and (3) that said life estate was subject to sale by the administrator.

It is urged by the appellant's counsel that the facts found were insufficient to support the conclusions of law, because there was no finding that the judgment sought to be vacated disclosed its invalidity. The rule in collateral attacks would probably require such a finding, but an attack upon a judgment for fraud in its procurement is regarded as a direct attack, which is permitted, notwithstanding the decree or judgment questioned may appear upon its face in all respects regular and valid. *Wilhite* v. *Wilhite*, 124 Ind. 226; *Kirby* v. *Kirby*, 142 Ind. 419; *Asbury* v. *Frisz*, 148 Ind. 513; *Brake* v. *Payne*, 137 Ind. 479. It would certainly be a rare instance in which the decree would disclose the fraud or imposition upon the parties or upon the court.

It is further urged for the appellant that the findings were insufficient in failing to find as a fact the existence of fraud in the procurement of the judgment. This insistence is made upon the authorities which hold that, in actions for fraud upon creditors, the existence of fraud must be found and stated in the special finding as a substantive fact. Such authorities are numerous, but in this State they have their support from a provision of the statute of frauds that "The question of fraudulent intent, in all cases, arising under the provisions of this act, shall be deemed a question of fact."

It is enough to say that the rights of the appellees do not depend upon the statute of frauds. The appellant insists, however, that this rule has been held to apply to cases not falling under the statute, and several decisions are cited. Every one of such decisions involves a question of fraud upon creditors. In some of the cases are expressions to the effect that in

this State there is no such thing as constructive fraud, and in others that fraud, actual or constructive, is a question of fact. These cases involved questions under the statute, and such expressions were doubtless applicable. When such expressions were employed, they were supported by decisions under the statute, and appeared, therefore, to have been intended to apply to like cases. As to the recognition in this State of constructive frauds, that is, cases where actual fraud was not intended, but, from the conduct of the parties, some rule of public policy has been violated or some advantage has been gained by reason of some special confidential or fiduciary relation, the cases are numerous. Where, in a pleading or special finding, fraud must be made to appear, except there be some statute or special rule to the contrary, the facts constituting the fraud must be stated, and mere epithets are not required, nor are they available. *Stroup* v. *Stroup,* 140 Ind. 179, 27 L. R. A. 523; *Cicero Tp.* v. *Picken,* 122 Ind. 260; *Jackson* v. *Myers,* 120 Ind. 504; *Brown* v. *Cody,* 115 Ind. 484; *Conant* v. *National State Bank,* 121 Ind. 323; 9 Ency. Pl. & Pr. 686 and notes. The reason of this rule is in the conclusion that, the facts being stated, the law applies to determine if they are sufficient, and the legal standard is not to be defeated by the statement of an epithet or the pleader's conclusion. It would seem a contradiction of terms to say that constructive fraud must be found as a fact, when in relation to certain well recognized transactions, it is fraud *ipso jure*. Nor is it less a contradiction as to actual fraud to say that it exists as a fact when it only exists by the application of legal or equitable rules to the facts. Considering, however, the intent of one charged with fraud, under the statute, a question of fact is made. That question is not urged here. This rule need not be confused with that which requires in

the first instance, that fraud shall not be presumed. In the absence of the facts making it manifest, the law will not indulge the presumption that fraud exists. On the contrary, presumptions are in favor of honesty and fair dealing. But when facts appear, the legal test is applied and the question is determined.

The remaining question is as to the sufficiency of the facts found to raise the inference of fraud. We have no doubt of their sufficiency. The father of children, mere babes, having the custody of their persons, and being their natural guardian, both as to person and property, owed to them the highest concern for their welfare. Above all interests, it was his duty to see that they were not deprived of their rights by his own wrongful conduct. He owed a duty also to the court in which the cause was pending, and that was to create no misapprehension in the mind of the court as to the *bona fides* and adversary character of the cause. The facts found disclose a violation of all these duties. As to the merit of his claim of title, little or no defense is made in this court, and it appears that he not only secured active support for his own side of the case, but secured the participancy of a guardian *ad litem*, appointed and serving "for the purpose of accommodating the plaintiff in the procurement of the order and decree he desired in said cause." He was thus enabled to control both sides of the case and give to it the appearance of *bona fides* as an adversary proceeding, while it was all for his accommodation, to his advantage and to the detriment of most helpless infants. Such control, with such results, amounts to fraud. *Burnett* v. *Milnes*, 148 Ind. 230, and cases there cited. The case presented is more than a mere irregularity or oversight in failing to appoint a guardian *ad litem* or to answer for infants. As shown in the case last cited,

it is as a criminal prosecution instituted by the procurement of the defendant, and is not effective. The judgment is affirmed.