CITY OF GREENSBURG ET AL. v. ZOLLER ET AL.

[No. 3,839. Filed June 18, 1901. Rehearing denied October 10, 1901. Transfer denied December 19, 1901.]

MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Assessments.* — Where a city seeks to improve a street and charge the cost thereof to the abutting property owners, giving notice in accordance with the provisions of §4294 Burns 1901, such property owners are bound by the action of the common council of the city if they fail to appear at the time fixed and present their grievances, unless the proceedings were void. *pp. 126–129.*

JUDGMENT.—*Collateral Attack.*—A collateral attack is one in which the invalidity of the judgment is predicated upon matters *dehors* the record. *p. 129.*

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Assessments.*—*Collateral Attack.*—The action of the common council in making assessments on abutting property to defray the expenses of local improvements cannot be attacked collaterally except for fraud, where the action of the council was not void. *p. 130.*

SAME.—*Resolution of Council as to Necessity for Improvements.*—When the resolution of the common council of a city declaring the necessity of a certain improvement refers to the plans on file in the city engineer's office, such plans become a part of the resolution. *p. 130.*

From Decatur Circuit Court; *W. O. Barnard*, Special Judge.

Action by Charles Zoller, Jr., and others to enjoin the city of Greensburg from collecting assessments for local improvements. From a judgment for plaintiffs, defendants appeal. *Reversed.*

*H. C. Skillman, H. Wickens* and *J. E. Osborn*, for appellants.

*J. K. Ewing* and *C. H. Ewing*, for appellees.

ROBY, J.—The appellees, lot owners along a certain street in the city of Greensburg, brought this action to enjoin the collection of assessments against the real estate owned by them respectively on account of the improvement of said street. The amended complaint is in one paragraph. The cause was put at issue, a special finding of facts made, and conclusions of law stated thereon.

The brevity of the conclusion of law is to be commended rather than criticised. The statute calls for a "conclusion" not for an argument or legal treatise. The facts found were substantially as follows: That the common council of the city of Greensburg, two thirds of its members concurring therein, passed a resolution on July 16, 1897, to the effect that it was necessary and expedient to improve the gutter and sidewalks on both sides of Main street between East and Lathrop streets, by grading and paving in accordance with plans and specifications on file in the office of the city engineer of said city, and by the construction of a stone gutter on both sides of said street according to such plans and specifications; that the total cost of said improvement should be assessed per lineal front foot upon abutting property, except that crossings should be assessed against the city, and providing for the payment of such assessments in accordance with the act of March 3, 1889, and that no other steps were taken prior to ordering the engineer of the city to advertise for bids for the construction of such improvements; that the plans and specifications referred to were at all times on file at the office of said engineer, and provided for the laying of a fifteen inch tile on the north side of said street and a twelve inch tile on the south side thereof between the points named; that on May 20th the council ordered the engineer to advertise for bids for the improvement of Main street in accordance with such plans and specifications; that in pursuance of such order said engineer gave notice, signed by the clerk of said city, by publication for three weeks in a newspaper of general circulation; that on June 24, 1898, the council by resolution accepted the bid of appellant Bussell, for the construction of the improvement; that such bid was the lowest and best bid made, and the board authorized the mayor to enter into a contract with said Bussell according to said plans and specifications, at the rate bid, which among other things was for fifteen inch tile thirty-three cents and for twelve inch tile twenty-

eight cents, the amounts to be collected by said contractor from the owners of abutting property; that appellant Bussell made and completed said improvement according to contract and to said plans and specifications, and that the same was accepted by resolution of the council; that on September 26th, the engineer was ordered to report a final estimate of said improvement as provided by §4293 Burns 1901; that such estimate was filed October 21st; that the total cost thereof was shown to be $1,522.16, or an average cost of $1.05 per lineal foot, and fixing on that basis the assessment of each appellee; that on said day the council referred said report to its committee on streets and alleys, and gave notice by publication for two weeks beginning October 26th, in a newspaper of general circulation in said city of the filing of said final estimate and the time and place when and where a hearing could be had before said committee by any person feeling aggrieved by said report and estimate; that in making said improvement glazed sewer tile were placed as in the plans and specifications specified; that catch basins were placed at East street through which all the surface water of Main street and alleys opening therein for a distance of 270 feet west from the western terminus of said street is collected and carried away by said sewer, which waters, except for said sewer and catch basin, would flow over the surface of the street so improved; that the construction of said sewer is of great benefit to the street by reason of the fact that it prevents the washing of the street by waters collected above appellees' properties, and to this extent is beneficial to appellees' properties, but that in so far as carrying away surface waters which accumulate upon their properties they derive no benefit, there being ample facilities for such drainage before its construction; that appellees all knew of the improvement and saw it being made; that appellee Charles Zoller, Sr., notified appellant Bussell during the progress of the work that if he got any pay from him it would be at the end of a law suit;

that none of appellees except Andrew F. Hobbs and James E. McKim have connected any drains or sewers from their properties with said sewer so constructed; that said sewers are general and not local and that they are designed to bene-fit other streets and properties than that abutting thereon; that they are adapted to use for drainage from lateral drains which may be hereafter constructed, the effect of which will be to drain other than the abutting property; that appellants, the city of Greensburg and Bussell, are at-tempting and threatening to collect the several sums as-sessed against appellees' several properties and will do so unless enjoined therefrom.

Since this cause was tried and this appeal taken the Su-preme Court have considered the act under which the im-provement was made more carefully than had before been done. Section 4293 Burns 1901, gives to an affected land owner a right to be heard. The right to be heard carries with it the right to relief. *Adams* v. *City of Shelbyville,* 154 Ind. 467; *City of Indianapolis* v. *Holt,* 155 Ind. 222. This being so the time for appellees to have presented their grievances was that fixed by the council. Having failed to appear at that time they are, under well settled principles, bound by the assessment unless the proceedings were void.

It is argued that the assessment is not attacked collaterally but directly by way of injunction. A collateral attack is, generally speaking, one in which the invalidity of the judgment is predicated upon matters *dehors* the record. *Thompson* v. *McCorkel,* 136 Ind. 484, 43 Am. St. 334; *Cully* v. *Shirk,* 131 Ind. 76, 31 Am. St. 414; *City of Bloom-ington* v. *Phelps,* 149 Ind. 596. This attack is collateral. *Kiphart* v. *Pittsburgh, etc., R. Co.,* 7 Ind. App. 122, 125; *McEneney* v. *Town of Sullivan,* 125 Ind. 407. When the elements of fraud and mistake are involved, the attack is direct. *Earle* v. *Earle,* 91 Ind. 27; *Thompson* v. *McCorkel, supra.*

No fraud or mistake is here charged and unless the pro-

ceedings are void no injunction can be had, the contract for the improvement having been made. *Everett* v. *Deal*, 148 Ind. 90; *Alley* v. *City of Lebanon*, 146 Ind. 125.

The common council is the exclusive tribunal to determine when and what property is benefited by the improvement and its action is subject to review collaterally for fraud or corruption. *Crawfordsville Music Hall Assn.* v. *Clements*, 12 Ind. App. 464; *Klein* v. *Tuhey*, 13 Ind. App. 74; *City of Fort Wayne* v. *Cody*, 43 Ind. 197.

The appellees contend that the proceedings were void for two reasons, (1) that the sewer is a general sewer, and not a local one, and the assessment therefor made without any authority vested in the council to make it, and (2) that the proceedings were void for the failure to specifically state, in the resolution declaring the necessity of the improvement, that it included sewers or drains.

Whether the sewer was local or general is a question, which, under the statute, must be decided in the first instance by the council. §4274 Burns 1901. That decision having been made is, as against a collateral attack, final.

The resolution declared the necessity of a certain street improvement. It twice referred to plans and specifications on file in the office of the city engineer. Such plans and specifications contained full information. "The end to be attained, however, namely, the better preparation of the street for public travel, must evidently determine the nature of the improvement to be made. The mere grading of the street may be deemed sufficient in some instances. Afterwards, it may be thought necessary to raise the center or road bed, and sink gutters along the sides, so as to make a dryer and firmer highway. If the travel increases, graveling may be thought needful. Finally, the board may be of opinion that the street has become so important a thoroughfare that it should be paved with brick or stone. If the ground were low and wet, it would seem that, in connection with any of these improvements, it might be necessary to

draw the water from the street by gutters, drains, or otherwise, as the board should judge best." *Kirkland* v. *Board of Public Works*, 142 Ind. 123, 127.

The right to construct sewers is incidental to the power of a municipal corporation to maintain streets. *Leeds* v. *City of Richmond*, 102 Ind. 372; *City of Fort Wayne* v. *Coombs*, 107 Ind. 75; *Schipper* v. *City of Aurora*, 121 Ind. 154, 6 L. R. A. 318. The basis of all substantial street improvement is found in complete drainage. It would not be competent to build a system of general sewers under the pretext of paving a street. Neither is it possible that tile drains may not properly be a part of such street improvements.

The exhibit was made part of the resolution by the reference. Its adoption was not necessary to give jurisdiction to the council. *Hughes* v. *Parker*, 148 Ind. 692; *Barber Asphalt, etc., Co.* v. *Edgerton*, 125 Ind. 455.

There are a number of other reasons for the reversal of the judgment which have not been adverted to, inasmuch as it is to the interest of all concerned that a final disposition of the litigation be made. The conclusions of law are not sustained by facts found.

Judgment reversed, with instructions to restate conclusions of law and render judgment for the appellants.