OWEN COUNTY COUNCIL *v.* THE STATE OF INDIANA,
EX REL. GALIMORE ET AL.

[No. 21,653. Filed May 23, 1911.]

1. APPEAL.—*Term-Time.*—*Parties.*—Under §675 Burns 1908, Acts 1895 p. 179, a defendant who takes a term-time appeal from a judgment rendered against all the defendants need not make its codefendants parties to such appeal. p. 612.

2. APPEAL. — *Authority to Take.*—*Parties.*—*County Councils.*— County councils have authority to appeal to the Supreme Court from judgments taken against them. p. 612.

Owen County Council *v.* State, ex rel.—175 Ind. 610.

3. COUNTIES. — *Councils.* — *Appropriations.*—*Borrowing Money.*— —*Mandamus.*—A county council, in a proper case, may be mandated to appropriate money for a specific purpose, and, when lacking the necessary funds therefor, may possibly be required to levy a tax, but it cannot be compelled to borrow money with which to discharge a debt against the county.  p. 615.

4. MANDAMUS.—*When Writ Granted.*—The writ of mandate is available only where an imperative duty, as well as defendant's power to do the act commanded is shown.  p. 616.

5. MANDAMUS.—*Relief.*—*Sufficiency of Complaint or Writ.*—*Waiver of Writ.*—A petition and alternative writ of mandate which demand greater relief than the plaintiff is legally entitled to receive, are bad on demurrer to the petition or a motion to quash the writ, and this rule applies to the petition where no alternative writ is issued thereon.  p. 616.

6. MANDAMUS.—*Alternative Writ.*—*Form and Function of.*—The alternative writ of mandate must follow the prayer of the petition as to things required, and its function is to notify the defendant of the specific demand made, as well as to require him to appear and answer thereto.  p. 617.

7. MANDAMUS. — *County Council.* — *Appropriations.* — *Judgments against County.*—*Answer.*—In an action by a judgment creditor to compel defendant county council to appropriate the necessary money with which to pay relators' judgment rendered against the board of commissioners of such county, an answer that part of the money for which such judgment was rendered was due from certain townships, part from the State, and part from the county, is bad.  p. 618.

8. COUNTIES.—*Boards of Commissioners.*—*Legal Capacity.*—The board of commissioners of a county is the corporate legal entity representing such county.  p. 618.

9. JUDGMENT.—*Collateral Attack.*—*Fraud.*—*Boards of Commissioners.*—Where fraud was used in procuring a judgment against a board of commissioners, such board can avoid such judgment only by a direct attack thereon.  p. 619.

10. JUDGMENT.—*Fraud.*—A judgment obtained by fraud is voidable but not void.  p. 619.

11. COUNTIES. — *Councils.* — *Judgments.*—*Right to Question.*—A county council, in an action to mandate it to appropriate money necessary to pay a judgment rendered against the board of commissioners of such county, has no right to question the validity of such judgment.  p. 620.

From Owen Circuit Court; *Joseph W. Williams,* Judge.

Action by The State of Indiana, on the relation of William Galimore and another, against the Owen County Coun-

cil and others. From a judgment for plaintiff, defendant Owen County Council appeals. *Reversed.*

*Inman H. Fowler*, for appellant.
*Willis Hickam*, for appellee.

MYERS, J.—This was a mandate proceeding to require appellant to make an appropriation to pay a judgment recovered by relator Galimore against the Board of Commissioners of the County of Owen. Said board of commissioners, the auditor and the treasurer were parties, but have not joined in this appeal. A demurrer to the complaint was overruled, and the county council excepted and filed an answer in five paragraphs, to the second, third, fourth and fifth of which demurrers were sustained. The first paragraph was a general denial upon which trial was had and a judgment rendered for plaintiff.

Relators have made a motion to dismiss this appeal, on the ground that the codefendants below, the board of commissioners, the auditor and the treasurer of Owen county are not made parties appellant or appellee. The appeal is a term-time appeal, and by the express provision of the statute (§675 Burns 1908, Acts 1895 p. 179), it was not necessary that any of the coparties below should be joined as appellants or appellees.

The second reason urged on the motion is that county councils, being bodies of limited statutory powers, with ministerial duties only, have no power or authority to prosecute appeals. Relators' theory upon this question is that a county is known only through its board of commissioners, which alone has authority to litigate claims against a county, except in cases in which taxpayers have the right, and in support of their contention cite the cases of *Advisory Board, etc.*, v. *Levandowsky* (1907), 43 Ind. App. 224, and *Board, etc.*, v. *Wild* (1905), 37 Ind. App. 32.

The latter case was one in which the sole question de-

termined was that the taxpayers of a county who were not parties to an action, could not, over the objection of the board, control an appeal in which the sole defendant was the board of commissioners.

The case of *Advisory Board, etc.,* v. *Levandowsky, supra,* is based upon the proposition that the advisory board of a township can only maintain such suits as it is expressly authorized to maintain. Here, however, we have a statute with respect to county councils, authorizing suits to be brought against them for certain purposes, and requiring the board of commissioners and the county auditor to be joined with them (§5945 Burns 1908, Acts 1899 p. 343, §28), and appellees have elected to follow that statute here. True, we have no statute expressly providing that county councils may appeal, but as they may be sued in certain civil cases, it would be anomalous to deny them the right of appeal in such cases. We have a statute (§671 Burns 1908, §632 R. S. 1881) that provides for appeals "from the circuit courts and superior courts to the Supreme Court, by either party, from all final judgments." Relators secured a final judgment, requiring the appropriation by the county council of the amount necessary to pay their judgments, and it would require a radical departure from the recognized practice to hold that they may not appeal. They have more than mere ministerial duties to perform. They have the exclusive power to fix the tax rate, also to fix the amount they will appropriate, not exceeding the estimates furnished to them, and the exclusive power to authorize the borrowing of money, and as to those appropriations, necessary after the annual appropriation, it requires the concurrence of two-thirds of the members. §§5932, 5937, 5938, 5949 Burns 1908, Acts 1899 p. 343, §§15, 20, 21, 32. If they may not appeal in this kind of a case, neither could they upon the character of questions confided to them as shown before, and it would certainly be unwise, if not in direct violation of the statute, to deny

the right of appeal. The motion to dismiss the appeal is denied.

The complaint alleges, in substance, that on October 26, 1909, relator Galimore recovered a judgment against the Board of Commissioners of the County of Owen for $3,024.40 and costs; that no appeal has been perfected, and the judgment has not been paid nor replevied; that about November 6, 1909, said relator filed a certified copy of such judgment in the office of the auditor of Owen county; that, as said relator is informed and believes, there was a sufficient amount of money in the county treasury belonging to said county with which to pay said judgment, interest and costs, but because no appropriation had been made for the payment of the judgment the auditor refused to draw his warrant; that the auditor and the board of commissioners fixed a day in November, 1909, for a special meeting of the county council, and one week before the date fixed for said meeting prepared and filed in the auditor's office an estimate of the amount necessary to pay the judgment, and also prepared an ordinance authorizing the appropriation; at said special session more than two-thirds of the members were present, and the estimate and ordinance were presented by the auditor and by relator Galimore and his attorney, and a request was made for the adoption of the ordinance, and the appropriation of sufficient funds to pay the judgment; that the council without cause or excuse neglected, failed and refused, and ever since has failed and refused, and continues to refuse, to appropriate any money to pay such judgment; that before this action was brought, Galimore had assigned a portion of the judgment to his co-relator Hickam; that the total amount of the indebtedness of the county, including the judgment, interest and costs, does not exceed two per cent of the taxable property of the county. Prayer for a mandatory order of court against said defendants, and

ordering said board of commissioners and said auditor to fix a date and issue the proper call and notice to said defendant Owen County Council to meet in special session, and prepare and place on file in due time the necessary estimate of the amount necessary to pay said judgment, interest and costs, and also an order of appropriation of the necessary amount, and to present such estimate to said defendant Owen County Council when so convened in said special session, and ordering said Owen County Council to make said appropriation; and if there is not sufficient money to make said appropriation, then that said defendant Owen County Council be ordered to authorize said defendant board of commissioners to negotiate a loan, and procure the necessary moneys with which to pay said judgment. There was no alternative writ, but defendants appeared and demurred to the complaint.

The sufficiency of the complaint is challenged by an original assignment of error and upon the ruling on the demurrer, both assigning the want of facts sufficient to constitute a cause of action.

The specific challenge to the complaint is, that under no state of facts would relators be entitled to an order requiring the county council to pass an ordinance authorizing the board of commissioners to borrow money to pay the judgment, or to require the board to secure a loan for that purpose. It will be noted that the prayer of the petition is in the alternative, that is, that if there be not money on hand sufficient to be appropriated, that a loan be required. It must be conceded that while there might be a right to have an appropriation made, if there are available funds on hand unappropriated, relators could not require that the money be borrowed for such purpose; although they might be entitled to have a tax levied. See §§5945, 5949 Burns 1908, Acts 1899 p. 343, §§28, 32.

In order to obtain a writ of mandate, both an imperative duty and the power to do the act or acts com-
4. manded must be shown. *State, ex rel.,* v. *Winterrowd* (1910), 174 Ind. 592; *Town of Windfall City* v. *State, ex rel.,* (1909), 172 Ind. 302; *Board, etc.,* v. *State, ex rel.* (1909), 173 Ind. 52.

It is claimed that the question raised by a demurrer to a petition for a writ of mandate, as well as to the petition and alternative writ, is, not whether relators
5. are entitled to some relief, but whether they are entitled to the specific relief demanded in the petition, or in the petition and alternative writ. The rule is well settled that in case of a petition and alternative writ of mandate, a relator must show himself entitled to the precise and specific relief prayed for or the petition and writ will not withstand a demurrer, or the writ a motion to quash. *State, ex rel.,* v. *State Board, etc.* (1910), 173 Ind. 706; *State, ex rel.,* v. *John* (1908), 170 Ind. 233; *Advisory Board, etc.,* v. *State, ex rel.* (1906), 166 Ind. 237; *State, ex rel.,* v. *Connersville Nat. Gas Co.* (1904), 163 Ind. 563; *State, ex rel.,* v. *Indianapolis Union R. Co.* (1903), 160 Ind. 45, 60 L. R. A. 831; *State, ex rel.,* v. *Commercial Ins. Co.* (1902), 158 Ind. 680; *Applegate* v. *State, ex rel.* (1902), 158 Ind. 119; *Trant* v. *State, ex rel.* (1895), 140 Ind. 414.

It is urged by relators, that where the alternative writ is waived, and a demurrer is interposed to the petition, it stands the same as any other civil action, and if the petitioner is entitled to any relief, the demurrer should be overruled. This rule is of course sound as applied to ordinary actions, but an action for mandamus is not an ordinary action. It is quite clear that if an alternative writ had issued, containing the prayer of the petition that the county council be required to authorize the borrowing of the money, and the board of commissioners be required to borrow it, the writ would have been bad upon a motion to quash, or

upon demurrer, in demanding more than relators

6. were entitled to. The writ when issued must be based upon the petition, and can be no broader, and should run in the language of the petition and prayer, and for that reason the petition should show by direct and positive averment the relief to which a party is entitled. The alternative writ is but the jurisdictional notice which brings a party into court to answer. *Board, etc., v. Mowbray* (1903), 160 Ind. 10; *Wren v. City of Indianapolis* (1884), 96 Ind. 206.

When the alternative writ is waived, the petition must stand in the place of the alternative writ and must be tested by the same rules. The prayer of the petition in this case being in the alternative, the petition was insufficient. *State, ex rel., v. John, supra*, and cases cited; *State, ex rel., v. Adams Express Co.* (1908), 171 Ind. 138, 19 L. R. A. (N. S.) 93.

It is a very serious question whether the petition is not also insufficient in failing to aver that there are available funds on hand, unappropriated, sufficient to pay the judgment. At any rate such facts, if stated, are only stated inferentially, and are deducible from a process of reasoning. The judgment must be reversed for the insufficiency of the petition, but as the questions presented by the answers may arise again, we shall determine those questions.

Appellant filed an answer in five paragraphs, the first of which was a general denial. The second paragraph alleges the recovery by relator Galimore of a judgment for $3,024.40 in gross; that part of said sum is due from the State, part from the county, and part from each of the thirteen townships of the county; that it is impossible to know what amount of appropriation should be made from the funds of the several taxing districts; that before any appropriation can be made the amounts to be appropriated from each must be shown, and that the county council should not be required to make an appropriation until the mem-

bers thereof are advised of the amount necessary to be appropriated from the respective funds.

The third, fourth and fifth paragraphs seek to attack the judgment as void, on the ground that it was procured by fraud and deceit practiced on the court.

As to the second paragraph of answer, it will be seen that the question sought to be presented is whether the county council can make an appropriation from the various funds from which the contributions were required to be made without knowing how much was due from each, the judgment being one in gross. So far as disclosed the judgment was against the county. If it had been desired, or was proper, to have it appear from what funds the judgment should be paid, steps should have been taken to have it so appear, in and by the judgment. As it stands, it appears as a judgment against the funds of the county, and if the judgment is otherwise unassailable, and funds other than those of the county should contribute, that would be a matter for adjustment by the proper officers. The county council could not appropriate funds of the townships to pay their proportion. The second paragraph of answer is clearly insufficient to bar the action.

The third, fourth and fifth paragraphs of answer show the rendition of the judgment on October 26, 1909, and the record shows the filing of the amended complaint in this proceeding on January 10, 1910, and it may be a very serious question whether, if the county council had a right to attack the judgment at all, it would not have been required to do so directly. It is not shown in any paragraph when they learned the facts constituting the alleged fraud. See *Shultz* v. *Shultz* (1894), 136 Ind. 323, 43 Am. St. 320.

Aside from this question, however, is the more serious one, whether the county council has any standing to attack the judgment, or whether that can be done only by the board of commissioners, or by a taxpayer on the refusal of the board. It will be seen that there is no

allegation that the board has refused upon request to attack it, or sought to get rid of it in some manner known to the law. The board of commissioners is the corporate entity representing the county through which it acts, and is in legal contemplation the county. *State, ex rel.,* v. *Clark* (1853), 4 Ind. 315; *Board, etc.,* v. *Wild* (1905), 37 Ind. App. 32; §5974 Burns 1908, §5735 R. S. 1881.

So far as the board itself is concerned, it could only attack the judgment in a direct proceeding. *Ross* v. *Banta* (1895), 140 Ind. 120; *Shultz* v. *Shultz, supra;* *Hogg* v. *Link* (1883), 90 Ind. 346.

It has been held repeatedly that a judgment obtained by fraud is not void, but voidable, until attacked and set aside by some competent party. *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 46 Am. St. 402, 24 L. R. A. 46; *Palmerton* v. *Hoop* (1891), 131 Ind. 23; *Ratliff* v. *Stretch* (1891), 130 Ind. 282; *Weiss* v. *Guerineau* (1887), 109 Ind. 438.

It was said in the latter case: "A party against whom an unauthorized or inequitable judgment has been obtained, whether by fraud or mistake, cannot treat the judgment as invalid until he has taken some proceeding, known to the law, to set it aside, or to secure its modification. Methods for obtaining a new trial, or to review a judgment for material new matter, or for error of law, are pointed out by the statute, and beyond the methods thus prescribed, courts possess inherent power, to an almost unlimited extent, to redress wrongs by modifying or setting aside judgments obtained by fraud or mistake. These methods, however, all contemplate proceedings in the case in which the unauthorized judgment is alleged to have been obtained. They give no countenance to the notion that a judgment, however wrongfully obtained, may be ignored, and the rights of the parties again inquired into, in a collateral proceeding. So long as the judgment stands, not being void, it concludes the parties upon the subjects therein determined." Citing cases.

It is urged that the county council is a stranger to the judgment, and that it may attack it in a collateral proceeding for fraud used in obtaining it. *Hogg* v. *Link, supra; Deisner* v. *Simpson* (1880), 72 Ind. 435; *Kress* v. *State, ex rel.* (1878), 65 Ind. 106; *Britton* v. *State, ex rel.* (1876), 54 Ind. 535; *Adkins* v. *Nicholson* (1872), 39 Ind. 535; *Lee* v. *Back* (1868), 30 Ind. 148; *DeArmond* v. *Adams* (1865), 25 Ind. 455; 2 Freeman, Judgments (4th ed.) §335, 336.

A stranger to a judgment may attack it collaterally only when he can show himself to be in some way affected by it; and the question is whether a county council has such interest as may be affected by the judgment. It is not a corporation. It acts as authorized by statute, and in the manner pointed out by the statute. Even before the creation of these boards, when the entire county business was confided to boards of commissioners, the latter possessed only statutory powers, and could not, as they cannot now, do any act not expressly or impliedly authorized by statute. The county is an involuntary corporation organized as a political subdivision of the State for governmental purposes, and exercises the powers delegated by the State, and for the State. *State, ex rel.,* v. *Goldthait* (1909), 172 Ind. 210; *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595; *Kemp* v. *Adams* (1905), 164 Ind. 258; *Gavin* v. *Board, etc.* (1885), 104 Ind. 201; *Board, etc.,* v. *State, ex rel.* (1878), 61 Ind. 75; *Wrought Iron Bridge Co.* v. *Board, etc.* (1898), 19 Ind. App. 672.

A county council is not the county, nor does it represent the corporate entity. It is charged with the performance of certain duties, in which may be involved some discretion and business judgment, but it has, as such, no interest in a judgment against the county, and, whatever may be the merits of the claim in this particular case, it would clearly establish a bad precedent to hold that after a board of commissioners had litigated a claim to judg-

ment, a county council should be permitted to litigate it again.

For the reasons pointed out, the third, fourth and fifth paragraphs of answer were insufficient, and the demurrers properly sustained.

For the error in overruling the demurrer to the petition, the judgment is reversed, with instruction to the court below to sustain the demurrer to the petition.