STATE OF INDIANA, EX REL. FARMERS TRUST COMPANY OF RUSHVILLE *v.* BOARD OF FINANCE OF JACKSON TOWNSHIP OF RUSH COUNTY ET AL.

[No. 22,452.   Filed April 1, 1914.]

1.  PUBLIC DEPOSITORIES.— *Statutes.— Amendatory Statutes.*— The act of 1909 (Acts 1909 p. 437), amending §15 of the Public Depository Act of 1907 (§7536 Burns 1908, Acts 1907 p. 391), and providing that the bond or securities required by §§11, 12 of the act of 1907 (§§7532, 7533 Burns 1908), shall be filed within five days after notice that an award has been made, and before a deposit of any public funds under said award shall be made, is not, by reason of such provision, an attempt to amend the subject-matter of §§11, 12 of the act of 1907 so as to require mentioning said sections in the title of the act of 1909, and the latter act is not open to the objection that it is unconstitutional for that reason. p. 370.

2. STATUTES.—*Construction.*—*Provisos.*—While the rational and appropriate purpose of a proviso in a statute is to qualify and restrain the preceding clause in the same section of which it is a part, if it is manifest that the scope of the proviso was intended to reach beyond the section in which it is found it will be given the effect intended without regard to its position and connection in the particular section. p. 371.

3. PUBLIC DEPOSITORIES.—*Statutes.*—*Construction.*—The act of 1909 (Acts 1909 p. 437), amendatory of §15 of the Public Depository Act of 1907 (§7536 Burns 1908, Acts 1907 p. 391), and providing that within five days after notice that an award has been made, and before a deposit of any public funds under said award shall be made, the bond or securities required by §§7532, 7533 Burns 1908, Acts 1907 p. 391, §§11, 12 shall be filed, is not incapable of application in view of §§10, 11, 21 of the act of 1907 requiring deposits to be made in designated depositories immediately on the award being made, prohibiting a deposit until the required bonds or securities are filed and approved, and fixing penalties, since it must be presumed that a prior depository will remain the custodian of the public funds until a new depository has qualified and received the deposit, the only effect of the act of 1909 being to extend the time of filing the required bond or securities. p. 371.

4. ESTOPPEL.—*Inconsistency of Claims.*—A trust company seeking to establish its right to be designated a depository of township funds cannot be heard to complain that the award made to a competitor to the exclusion of itself was illegal because the award was made at a meeting of the board of finance held outside the township. p. 372.

5. MANDAMUS.—*Violation of Rights of Others.*—*Right to Complaint.*—A trust company seeking to compel the board of finance of a township to designate it as a depository of the public funds cannot be heard as to the violation of the rights of other bidders in whom it has no interest and with whom it has no concern. p. 372.

6. MANDAMUS.—*Complaint.*—*Relief.*—A complaint in a mandamus proceeding is not fatally defective in asking more relief than the relator is entitled to, since by the act of 1911 (Acts 1911 p. 541, §4), alternative writs of mandate were abolished, and under such complaint the court must grant whatever relief the facts and law warrant. p. 373.

From Rush Circuit Court; *John D. Megee,* Judge.

Action by the State of Indiana, on the relation of the Farmers Trust Company of Rushville, against the Board

of Finance of Jackson Township of Rush County, and another. From a judgment for defendants, the relator appeals. *Reversed.*

*John H. Kiplinger,* for appellant.

*A. L. Gary* and *Will M. Sparks,* for appellees.

MYERS, J.—The complaint in three paragraphs in this case is against the township board of finance and the trustee, for a writ of mandate to compel the board of finance to make an award of part of the public funds of Jackson Township to relator, as a public depository, and to require the township trustee to deposit such portion of the funds as relator will be entitled to under the law. Demurrers were sustained to each paragraph. The complaint is lengthy but we shall be able to disclose the questions presented without setting out each paragraph in full. Each shows relator a prosperous and sound financial institution, with named capital stock and surplus, solvent, and having its place of business in the city of Rushville, and qualified in all particulars to become a depository of public funds; that upon notice given for reception of proposals for such funds, relator did on December 21, 1912, file its written proposal with the board of finance and on January 6, 1913, at the hour and place designated in such notice, its written proposal containing the statutory requirements was and has ever since been on file; that the proposal was further conditioned that "relator would within five days after receiving notice of an award, and before a deposit had been made by the township trustee, deliver to said board of finance as security for such deposits as might be awarded said relator a personal bond in the sum of $6,000, executed" by relator and seven named persons, the qualifications of whom as sufficient sureties are shown; that at no time has there been a qualified depository in the township, and no proposals by depositories were made at any other time; that the only other proposal made was by a bank in Rushville,

which was not in Jackson Township. It is then shown that the two proponents are situate within 300 feet of each other, each upon the ground floor, and fronting on the same public street, and their respective locations relatively the same, proximately to, and of equal convenience to and for the transaction of the business of the township; that on the hearing, the award was made wholly to the other bank, and no award was made to relator, and the public funds were deposited in the bank to the exclusion of and unlawful discrimination against relator, upon its said proposal, and request, and demand to be awarded a part of the funds not exceeding $10,000, and that such award would be of the value of $500 a year to relator. Prayer for an alternative writ of mandate, requiring the board of finance to award a portion of the funds to relator as a public depository, pursuant to its bid and offer first filed, and that relator be given five days from the date of the award to file its bond, and requiring the trustee to make deposits with relator pursuant to the award as soon as the bond is filed. The second paragraph is the same as the first except that it alleges that the notice for receiving proposals fixed a place outside the township; that relator's proposal was filed December 21, 1912; has remained on file with the board of finance ever since; that relator has at all times been ready and willing to file its bond to secure any deposit that might be awarded it, in any amount that may be required by notice of award and with the required number of freehold sureties within five days after notice of such award; that the board of finance did not meet in the township. Prayer that the board of finance be required to meet in the township, at such time and place, and on such notice as the court may deem proper, to make an award to relator, of such amount as relator may be entitled to under the law, in proportion to its capital stock and surplus, and require the approval of such bond as may be required by law, and, as soon as the bond is filed and approved, the trustee be ordered and

directed to deposit such funds with relator.　The third paragraph is the same as the first except that it alleges that the board did not meet on the day fixed in its notice for receiving proposals at the usual place of holding meetings of the board of Jackson Township, to receive proposals, and that such board has never held a meeting within the territorial limits of the township to receive and consider proposals for the deposit of the public funds; that there were three other proposals filed with such board and on file January 6, 1913, and each proponent had filed its bond to secure any deposits of public funds which might be awarded it, and that the board determined that no deposits be awarded relator or two of the other three proponents, though those two had on file bonds in the same terms as the Peoples National Bank, on the ground that only one depository was desired, and not because relator had no bond on file, and that the determination was made by ballot, in and by which the Peoples National Bank received two votes, and relator one vote, and neither of the other proponents received any ballot, though they were both legally qualified to become depositories of the fund; that they were not rejected because they had no bond on file, and that such award was illegal and unlawful; that the board has failed and refused to meet in Jackson Township, or anywhere at any time to take such steps or do any legal act declaring relator a proper legal depository of the funds of the township.　Prayer as in the second paragraph.

The only question directly presented under the demurrers for want of facts, is, whether a bond must be filed at the time the proposal is made, or at least on file by the time fixed for the consideration of the proposals, or whether, as is the contention of appellant, the bond may be filed within five days after notice of an award.　The case is to be determined by the construction to be given the Public Depository Act of 1907 (Acts 1907 p. 391, §§7531, 7532,

7535, 7536 Burns 1908) in connection with the acts of 1909 (Acts 1909 pp. 182, 437). It will be observed that by the original act (§7531 Burns 1908, *supra*), public officers are required *immediately* after the organization of said several boards, to deposit the funds in the depositories designated, and by §7536, *supra,* proposals for deposits were required to "file the required security" with the bid. By the act of 1909 (Acts 1909 p. 437), amending §15, it is provided that the bond or securities required by §§11, 12 of the original act (§§7532, 7533 Burns 1908), "shall be filed and deposited within five days after notice that an award has been made, and before a deposit of any public funds under said award shall be made." It is the contention of defendants that, though they did not point out in the memoranda to their demurrers that §15 is unconstitutional, but that in construing the acts, we are forced to determine whether it is constitutional, the particular point being, that the section amends §§11 and 12 of the original act, in that they require the deposit of the fund *immediately* on the award being made, and that no deposit can be made until a bond or security has been filed, and that this is impossible if five days are allowed after award for filing the bond, and that they are not mentioned in the title of the act of 1909. If the act seeks to amend §§11 and 12, appellees contention must prevail. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85; *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165, 74 N. E. 985; *State, ex rel.* v. *Board, etc.* (1906), 166 Ind. 162, 164, 76 N. E. 986; *State, ex rel.* v. *Commercial Ins. Co.* (1902), 158 Ind. 680, 684, 64 N. E. 466. We, however, do not understand that it is an attempt to amend §§11 and 12, and even if amended §15 might by implication, repeal, or be repugnant to some portions of §§11 and 12, that is not the amendment which is required to appear in the title of an act. In any event, it is not the *subject-matter* of the

act which is amended, but the proviso deals with an *incident* of the act, in its object or public purpose, to which it relates, and with which it deals. Sections 11 and 12 are complete and independent of the proviso of §15 as amended. They respect the character of bonds and securities required, and the amended §15 is an explicit declaration of the legislative intent, as its last expression, to modify the former requirement that the proposal shall be accompanied by the bond, or securities required. This proviso is found in the amending section itself, and while it operates as an amendment in fact, it is an amendment of the section referred to in the title, it leaves no doubt of the intent to substitute one provision for the other in the same section, and only refers to conditions prescribed by §§11 and 12 of the act, and would have been complete without any reference to either of those sections, and as certainly understood.

In *Stiers* v. *Mundy* (1910), 174 Ind. 651, 656, 92 N. E. 374, it is said, "While it is true that the rational and appropriate office of a proviso is to qualify and restrain

2. the preceding clause in the same section of which it is a part, unless it clearly appears that it was to be given a broader application, yet if it is manifest that the object and intent was to give the proviso a scope beyond the section in which it is found, it will be construed as restraining and qualifying preceding sections relating to the subject-matter of the proviso, without regard to its position and connection." See, also, *Murray* v. *Gault* (1913), 179 Ind. 658, 101 N. E. 632; *Gulf, etc., R. Co.* v. *Hefley & Lewis* (1895), 158 U. S. 98, 15 Sup. Ct. 802, 39 L. Ed. 910. We need not go so far in this case, so far as §§11 and 12 are concerned, because the proviso conflicts with no provisions of those sections.

It is urged that the section is incapable of application in view of §§10, 11 and 21, Acts 1907 p. 391, §§7531,

3. 7532, 7545 Burns 1908, because §10 requires the deposits to be made in the designated depositories *imme-*

*diately* on the award being made, and §11 prohibits a deposit until the bond or securities are filed and approved, and §21 affixes heavy penalties, and under §15 as amended, the board of finance would be required to be in session at least five days, and in the meantime there would be no depository. Taking the last proposition first, we are bound to presume that the prior depository would remain the custodian of the fund until the new depository had qualified to receive the deposit and a demand had been made, upon the plainest principles of construction That the board of finance might have to be reassembled, is no reason as against the requirements of the act. The provisions of §§10 and 11, as to the time and conditions of deposit, should receive a fair construction, in connection with amended §15, and so regarded, there is no more difficulty in understanding the legislative intent with the amendment, than there was previously, that the deposit should be made at once on the approval of the bond or securities, the time for filing which is simply extended, instead of their being required to be filed with the proposals, for which there were doubtless reasons sufficient appearing to the legislature.

Appellant makes the point that the place of meeting was outside the territorial bounds of the township, and the action therefore illegal, and also that other bidders 4. similarly situated with appellee were denied deposits. It is sufficient to say that appellant must be consistent, and so far as the second and third paragraphs of complaint are concerned, it was a bidder at such alleged unlawful place, and if unlawful for appellee, it would have been unlawful as to appellant, and having participated in an alleged unlawful act, it cannot be heard to claim a right under what it asserts was unlawful. Neither can appellant be heard as to the alleged violation of the rights of others, in whom it presumably has no interest and with which it has no concern.

No question is presented here as to the ruling on the

demurrers filed by the township trustee. Under the first paragraph of the complaint, it will be noticed that

6.  it is sought to require him to make deposit as soon as the bond is filed, which appellant is not entitled to have done until the bond is filed and approved, and under the practice prior to the act of 1911 (Acts 1911 p. 541, §4), this paragraph would be defective in asking more than relator was entitled to. *Owen County Council* v. *State, ex rel.* (1911), 175 Ind. 610, 616, 95 N. E. 253. But alternative writs of mandate having been abolished, and parties being now entitled to such relief as the facts and law warrant, the paragraph is sufficient.

The second and third paragraphs contain the same allegations as the first, and their theory seems to be that the action was unlawful in being held out of the township, and there would seem to be no reason for these paragraphs, save to present that question, which we think appellant is in no position to urge. The contest is in fact waged over the validity and construction of the statute with respect to the time of filing bond, so that as the matter is here presented, appellant can obtain all the relief to which it may be entitled under the first paragraph.

For the reasons shown, the demurrer was improperly sustained as to the first paragraph of complaint, and there was no error in the ruling as to the second and third paragraphs.

The judgment is reversed with instructions to the court below to overrule the demurrer to the first, or amended paragraph of complaint.

Morris, C. J., did not participate in the determination of this cause.

Note.—Reported in 104 N. E. 756. As to mandamus against ministerial officers and boards, see 98 Am. St. 869.